IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEITH GRANT,

    Petitioner,

v.

JIM HAMLET, Warden,

    Respondent.

No. C 04-2449 SBA (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner, a state prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the $ 5.00 filing fee. Venue is proper because Petitioner is challenging the findings and disposition of a parole hearing held by the California Board of Prison Terms ("BPT") in Soledad, California, which is located in this judicial district. See 28 U.S.C. § 2241(d). Petitioner is also challenging a conviction and sentence imposed by the San Diego County Superior Court, which is not located in this district. However, venue is still proper because Petitioner filed this petition while he was confined at the Correctional Training Facility, which is also located in Soledad, California and within this judicial district. See id.

## BACKGROUND

Petitioner was convicted in the San Diego County Superior Court for second degree murder with a weapons enhancement. He was sentenced to sixteen years to life in prison. In 2002, the BPT denied Petitioner parole. Petitioner is challenging the decision of the BPT in denying him parole and the validity of his plea agreement. He filed habeas petitions in the San Diego County Superior Court, the California Court or Appeal and the Supreme Court of California, raising the same claims raised herein. All three habeas petitions were denied.

As grounds for federal habeas relief, Petitioner asserts that: (1) the BPT's denial of parole based on the unchanging circumstances of his offense and prior history and other unsubstantiated allegations violated his right to due process and deprived him of his liberty interest; (2) his plea agreement is invalid under the Due Process Clause as the BPT and the District Attorney withheld his reciprocal benefit of

lessened punishment by recharacterizing his offense as a higher degree than that to which he pled guilty; and (3) the BPT is systematically biased in their decision making by denying parole to almost every inmate and 100% of administrative appeals in violation of State law requiring parole normally be granted, depriving Petitioner of his rights under the Due Process Clause.

Petitioner's claims are sufficient to require a response because he asserts federal grounds for relief and alleges that his remedies with respect to each claim raised have been fully exhausted.

## DISCUSSION

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Rose v. Hodges, 423 U.S. 19, 21 (1975). The court shall issue an order directing the respondent to show cause why the writ should not be granted unless it plainly appears from the petition that the petitioner is not entitled to relief. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

Because it appears that Petitioner has fully exhausted his remedies with respect to each claim he raises in his federal petition, see 28 U.S.C. § 2254(b), (c); because it appears that the petition was timely filed, see 28 U.S.C. § 2244(d); and because Petitioner raises claims cognizable in a petition filed pursuant to § 2254, Respondent is directed to SHOW CAUSE why the petition should not be granted.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk of the Court shall serve by certified mail a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on the Petitioner at his most current address.

2. Respondent shall file with this Court and serve upon Petitioner, no later than **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the State trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than **forty-five (45) days** of his receipt of the Answer.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **forty-five (45) days** after the date Petitioner is served with Respondent's Answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion no later than **forty-five (45) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply no later than **fifteen (15) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the court informed of any change of address by filing a separate paper with the Clerk of the Court headed "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time allowed or ask for an extension of that time.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued.  Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED:5/6/05                                             s/Saundra Brown Armstrong

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SAUNDRA BROWN ARMSTRONG
United States District Judge